BROWN GARAGE COMPANY, Appellant, v. BROWN AUTO & SUPPLY COMPANY, Appellee.

TRADE-MARKS AND TRADE NAMES: Unfair Competition—Competitors with Same Name. A plaintiff by the name of Brown who has built up a valuable business under the trade name of Brown Garage Company, and who has obtained an injunctional decree against a defendant by the name of Brown, enjoining him from employing both the word ''Brown'' and the word ''Garage'' in the advertisement of the same good-faith business in the same immediate locality, will not be granted a further and additional decree enjoining defendant from the use of *any other term* under which to make known to the public the nature of *his* business. So held where the defendant was permitted to employ the term ''Service'' in connection with the term ''Brown,'' or in connection with the term ''Garage.''

*Appeal from Polk District Court.*—JAMES C. HUME, Judge.

NOVEMBER 13, 1923.

SUIT in equity, wherein injunction is prayed. The plaintiff charges the defendant with unfair competition, in that, the defendant was and is using the trade name of the plaintiff for the purpose of deceiving the public, and of intercepting and attracting to itself the current of trade which was otherwise moving toward the plaintiff, as a result of the good will accruing to the plaintiff through many years of expensive advertising and of satisfactory service to the public. The decree of the trial court granted partial relief to the plaintiff, and declined other relief prayed for. The plaintiff has appealed.—*Affirmed.*

*Ralph Orwig,* for appellant.

*Thomas J. Guthrie* and *Arthur T. Wallace,* for appellee.

EVANS, J.—The parties are corporations, respectively engaged in the business indicated by their corporate names. Both have been engaged in such business in the same general vicinity in Des Moines for several years, and some confusion has been inflicted upon their respective customers because of their similarity of name and of their proximity of location. The principal owner of the plaintiff corporation is E. W. Brown; that of the defendant corporation is John F. Brown, together with his wife, Anna Brown. The plaintiff entered the business in 1914; whereas the defendant entered the same in 1917. The relative location of the respective plants has its importance, and may be briefly indicated as follows: Grand Avenue and Chestnut Street run parallel, east and west, the former lying to the south of the latter. Fourth Street intersects both of them, substantially at right angles. At the northwest corner of the intersection of Fourth and Chestnut Streets is located the Brown Hotel, which is owned and operated by a hotel company of which E. W. Brown is the principal owner. The entrance to this hotel faces south upon Chestnut Street. Across Chestnut Street and somewhat farther west than the Brown Hotel is located the "Brown Garage." The entrance to this garage faces north on

Chestnut Street. This entrance is in a southwesterly direction from the entrance of the hotel. The Brown Hotel and the Brown Garage Company have catered largely to the same trade, and have been closely associated together in their advertising publicity. Large expense has been incurred in acquiring such publicity. The purpose of such joint publicity has been to offer the garage facilities of the Brown Garage Company to all patrons of the hotel, and, vice versa, to offer all hotel facilities to the patrons of the Brown Garage Company. A large business with its ensuing good will had been thus mutually built up by these associated enterprises.

In 1917, John Brown and his wife entered the same line of business, in that city block the northwest corner of which is the southeast corner of the intersection of Fourth and Chestnut Streets. They also opened their garage under the name of "Brown Auto & Supply Company." This garage was on the south side of the block, and in the west half thereof, and faced upon Grand Avenue. They continued in business in this location for the period of three years, and they also built up a large and valuable business. No complaint is made of any unfair competition or wrongful use of the trade name while the defendant occupied such location. In 1920, the defendant was incorporated, under the name herein indicated. Its principal owners were John and Anna Brown, husband and wife. In that year, they acquired for their corporation a 99-year lease on a lot or lots in the same half block, and on the westerly side thereof. Upon this ground, they constructed a commodious building, at an expense of over $80,000. This building fronted west upon Fourth Street, and was nearly midway between Grand Avenue and Chestnut Street. The defendant caused to be displayed upon its entrance and upon its front windows its corporate name. It also displayed therewith in large letters the word "Garage." Thereupon, the plaintiff challenged the right of the defendant to display any sign which should contain both the word "Brown" and the word "Garage." Considerable negotiation ensued between the parties, both before suit and pending the same. Upon the commencement of suit, plaintiff obtained a temporary injunction against the defendant, enjoining it from displaying a sign which should associate these two names. In

obedience to this injunction, the defendant first eliminated the name ''Brown.'' Later, it restored the name ''Brown,'' but eliminated the word ''Garage.'' It thereafter displayed upon its windows and upon its entrance its corporate name. Over its entrance and underneath its corporate name, it displayed in large letters, illuminated at night, the word ''Service.'' This was the form of its display at the time of the trial in the district court. The position of the plaintiff in the trial below was that the use of the word ''Service,'' in lieu of the word ''Garage,'' was a mere evasion of the temporary injunction, and that the use of such word was misleading, and as unfair as was the use of the word ''Garage,'' because the two words meant substantially the same thing. It contended for a decree which should forbid the use of the word ''Service,'' as well as of the word ''Garage.'' The trial court entered a decree conforming to the temporary injunction, but declined to condemn the use by the defendant of the word ''Service.'' Because of such refusal, the plaintiff appealed, and the real question before us is narrowed down to this issue.

The court found that there had been no fraud or sinister purpose on the part of the defendant in its advertising display. The record abundantly sustains this finding. It is doubtless unfortunate for the individuals in interest that, carrying an identical name, they should be engaged in the same business, in close proximity. We deem it clear, however, that such a situation has not been brought about by any ulterior purpose. The plaintiff quite concedes the general rule that every person has a right to use his own name in his own business, provided that it is done honestly and without ulterior purpose to deceive the public and thereby to divert the trade intended for his competitor. *Brown Chemical Co. v. Meyer,* 139 U. S. 540; *Singer Mfg. Co. v. June Mfg. Co.,* 163 U. S. 169, 185; *Howe Scale Co. v. Wyckoff,* 198 U. S. 118; *Hazelton Boiler Co. v. Hazelton Tripod Boiler Co.,* 142 Ill. 494 (30 N. E. 339).

The appellant challenges the right of the defendant to use the word ''Service'' in its sign, on the ground that it violates the spirit and intent of the injunction, in that it signifies substantially the same thing as ''Garage.'' True, it does so signify. Whether it is an evasion or not, depends upon the nature of the

right of the plaintiff. If the plaintiff has the right to forbid the defendant from disclosing in any manner to the public the real nature of its business, or from disclosing to the public that it is engaged in the business often, and perhaps usually, designated as a *garage* business, then the display of the word "Service" is an evasion. On the other hand, if the right of the plaintiff is to maintain its identity in the public mind, and for that purpose to maintain inviolate its peculiar trade name, "Brown Garage," as a differentiation between it and any other "Brown" engaged in the same business, then the use of the word "Service" is not an evasion, and is not a violation of any right of the plaintiff's. This latter *is* the nature and measure of plaintiff's right. The trade name is the identifying mark. It has been promulgated to the public through expensive advertising. It will be protected against infringement by other persons in the same business, to such an extent as is consistent with a fair consideration of the rights of such other persons. If the rule were otherwise, the plaintiff could establish a monopoly of the *garage* business, as against all "Browns," by the mere adoption of its trade name. By the use of the comprehensive word "Garage" as its trade name, it would occupy the entire highway of automobile commerce, so far as upkeep is concerned.

The right of the plaintiff to its trade name does not forbid the defendant from engaging in business in its own name, and from disclosing to the public the nature of its business, provided that it does so in good faith, without applying to itself, either directly or covertly, the identifying trade name of the plaintiff.

Such was the holding of the trial court, and we are content therewith. The decree below is, accordingly, affirmed.— *Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.